IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.

GREG PIERCE,

    Plaintiff

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA and
PHARMACEUTICAL PRODUCT
DEVELOPMENT, LLC PLAN,

    Defendants.

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Greg Pierce ("Plaintiff") brings this ERISA action against Unum Life Insurance Company of America ("Unum") and the Pharmaceutical Product Development, LLC Plan (the "Plan") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by Unum. Plaintiff is covered under the Plan by virtue of his employment with Pharmaceutical Product Development, LLC ("PPD"), the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

-1-

## PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

2. Defendant Unum is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, PPD sponsored and maintained the Plan. PPD is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132 and for attorneys' fees and costs.

5. Venue in this District is appropriate by virtue of Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with PPD.

7. The Plan offers long term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant Unum has authority to grant or deny benefits.

9. Defendant Unum has a fiduciary obligation to Plaintiff to administer claims under the Plan fairly and to determine benefits timely and according to the terms of the Plan and ERISA.

10. Plaintiff is a 56-year-old man who worked for PPD as a Principal Performance Optimization Specialist until on or about December 6, 2016. On that date, Plaintiff's impairments became so severe that he could no longer work and he was forced to leave his employment.

11. Plaintiff suffers from autoimmune conditions including Lupus and Mixed Connective Tissue Disease, which cause physical symptoms including severe muscle pain in Plaintiff's legs, arms and shoulders; migraines; daily chronic headaches; and pain in his ears. He is not able to sit for long periods of time and must frequently lie down due to escalated pain. Because of his physical conditions, Plaintiff is often unable to think clearly enough to concentrate or focus on more complex matters. As a result of his sickness and injury, Plaintiff's disabling conditions prevent him from performing the material and substantial duties of his regular occupation or any gainful occupation for which he is reasonably fitted by education, training or experience.

12. Plaintiff applied to Defendant Unum and the Plan for LTD benefits and submitted medical information showing that he is totally disabled. Plaintiff was awarded short-term disability benefits and long-term disability benefits by Defendant Unum.

13. However, after it granted Plaintiff's claim for long-term disability benefits for a year, Defendant Unum denied Plaintiff's claim for LTD benefits beyond July 3, 2018.

14. Plaintiff pursued his administrative remedies set forth in the Plan by requesting an administrative review of Defendant Unum's denial of benefits. He submitted additional information to show that he is totally disabled.

15. Defendant Unum denied Plaintiff's appeal of his claim for LTD benefits on or about July 25, 2018. To the extent required under law, Plaintiff exhausted his administrative remedies and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

16. Defendants Unum and the Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant Unum failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

### FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

17. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-16 above.

18. Defendants Unum and the Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant Unum failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 U.S.C. § 1132

19. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-18 above.

20. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits for which Plaintiff qualifies as a result of his disability;

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants Plan's and Unum's wrongful denial in providing benefits to Plaintiff;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

Respectfully submitted this the 22nd day of May 2021.

                                            MARCELLINO & TYSON, PLLC

                                            */s/ Bryan L. Tyson*
                                            Bryan L. Tyson
                                            N.C. State Bar No. 32182
                                            */s/ Hannah Auckland*
                                            Hannah Auckland
                                            N.C. State Bar No. 35953
                                            2820 Selwyn Ave., Suite 350
                                            Charlotte, NC 28209
                                            Telephone: 704.919.1519
                                            Facsimile:  980.219.7025
                                            bryan@yourncattorney.com
                                            hauckland@yourncattorney.com
                                            *Attorneys for Plaintiff*